UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| QUINCY M. ROBINSON d/b/a MAJESTIC CONSTRUCTION COMPANY<br>Plaintiff,<br><br>vs.<br><br>OHIO HOUSING FINANCE AGENCY, *et al.*<br>Defendants. | Case No. 1:11-cv-352<br><br>Weber, J.<br>Litkovitz, M.J.<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, Quincy M. Robinson, d/b/a Majestic Construction Company, proceeding pro se, brings this action alleging willful non-compliance of the Davis-Bacon Act, 40 U.S.C. § 3142, and willful non-compliance of Ohio's Prevailing Wage Law, Ohio Revised Code § 4115, *et seq.*, against defendants Ohio Housing Finance Agency, Villas of the Valley Limited Partnership, CFS Construction, Inc., d/b/a Model Construction, LLC, and Villas of the Valley Construction, LLC. Plaintiff also raises ancillary state law claims of negligence and business interference. This matter is before the court on the motion to dismiss of defendants Villas of the Valley Limited Partnership ("Partnership") and CFS Construction, Inc., d/b/a Model Construction, LLC ("CFS") (Doc. 8), plaintiff's memorandum in opposition (Doc. 12), and Partnership's and CFS's reply memorandum. (Doc. 13). Partnership and CFS move to dismiss the complaint under Rule 12(b)(6), Fed. R. Civ. P., on the ground that plaintiff's complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion to dismiss should be granted.

I.   **STANDARD OF LAW**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant

to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal

evidence to support the claim. *Twombly,* 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). With these principles in mind, the Court reviews plaintiffs' complaint.

## II. FACTUAL ALLEGATIONS

Plaintiff's complaint alleges the following facts. Plaintiff, Quincy M. Robinson d/b/a Majestic Construction Company, submitted a bid to do carpentry construction framing on the Villas of the Valley Construction Project ("Project"). (Doc. 3, ¶¶ 2, 7). Defendant Partnership is the "project owner" of the Project and defendant CFS is a "contractor." *Id.* at ¶ 5. Plaintiff alleges that defendant Partnership had a duty under the Davis-Bacon Act, 40 U.S.C. § 1311.25(F), to file a notice of commencement-affidavit that the Project was a public, rather than a private, improvement project. *Id.* at ¶ 13. As a public project, the Project is subject to receiving public funds and grants and must comply with notice and minimum wage requirements as provided by the Davis-Bacon Act. *Id.* at ¶ 4, 9, 15.

Defendants Ohio Housing Finance Agency ("OHFA") and Partnership filed a notice of commencement-affidavit that the Project was a private improvement project. *Id.* at ¶¶ 10, 13. Plaintiff alleges that this filing was improper and, as a result, he and his employees lost income because they were unable to ascertain the proper prevailing wage as required under the Davis-Bacon Act. *Id.* at ¶¶ 9-10. Plaintiff alleges that Partnership, CFS, and defendant Villas of the Valley Construction, LLC defrauded and engaged in a conspiracy against plaintiff by filing the notice of commencement-affidavit for a private improvement instead of for the public

-3-

improvement Project. *Id.* at ¶ 14. Further, plaintiff alleges that these defendants breached the construction contract with plaintiff by refusing to compensate plaintiff and plaintiff's employees for work performed in the amount of $ 6,422.00. *Id.* at ¶ 16. Plaintiff alleges that defendants' failure to pay the prevailing wages pursuant to the Davis-Bacon Act amounts to theft of public funds. *Id.* at ¶ 17. Plaintiff seeks damages in the amount of $15,500,000.00. *Id.* at ¶ 20.

### III. ANALYSIS

Defendants Partnership and CFS seek dismissal of plaintiff's complaint on the basis that it fails to state a claim for relief against them. Specifically, Partnership and CFS contend that plaintiff's limited allegations against them, that they improperly filed a notice of commencement-affidavit for private work, are insufficient to state a claim entitling plaintiff to relief. *See* Doc. 3, ¶¶ 13-14. Further, defendants contend that: (1) despite plaintiff's allegations, they did not violate the Davis-Bacon Act or Ohio prevailing wage law; (2) plaintiff's complaint does not allege the requisite facts to state a claim for fraud; (3) the complaint fails to include necessary allegations to state a negligence claim; (4) plaintiff's business interference allegations are insufficient; and (5) plaintiff's complaint fails to allege the necessary elements of a claim as a third-party beneficiary.

Plaintiff's response in opposition to defendants' motion to dismiss does not address the arguments raised by Partnership and CFS. Rather, the response appears to be a factual addendum to plaintiff's complaint. The Court also notes that plaintiff erroneously relies on *Conley v. Gibson*, 355 U.S. 41, 45 (1957) for the assertion that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts." In *Twombly*, discussed above, the Supreme Court abrogated the permissive pleading standard enunciated in *Conley* in favor of the stricter requirement that a complaint

must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. It is with this standard in mind that the Court will address the sufficiency of plaintiff's complaint.

### A. Plaintiff's Davis-Bacon Act Claim

Plaintiff's complaint alleges that Partnership violated the Davis-Bacon Act by filing an improper notice of commencement-affidavit. (Doc. 3, ¶ 13). Plaintiff alleges that this improper filing was a fraudulent representation which caused plaintiff to detrimentally rely on Partnership's assertion that the public improvement Project was in fact a private improvement. *Id.* Further, plaintiff alleges that Partnership and CFS breached their duty to plaintiff under the Davis-Bacon Act by accepting plaintiff's construction bid without executing a countersigned contract prior to plaintiff's performance under the contract. *Id.* at ¶ 15.

"The Davis-Bacon Act, 40 U.S.C. § [3141], was passed in 1931. It provides that for all contracts involving federal construction projects, 'mechanics and laborers employed directly on the site of the work' shall be paid local prevailing wage rates as determined by the Secretary of Labor." *L.P. Cavett Co. v. U.S. Dept. of Labor*, 101 F.3d 1111, 1113 (6th Cir. 1996). "On its face, the Act is a minimum wage law designed for the benefit of construction workers." *U.S. v. Binghamton Constr. Co.*, 347 U.S. 171, 178 (1954). The Act requires that all contracts covered by the Act must contain stipulations that contractors are to "post the scale of wages to be paid in a prominent and easily accessible place at the site of the work" and that the contractor or subcontractor is responsible for making weekly payments to all mechanics and laborers employed at the work site. 40 U.S.C. § 3142(c)(1)-(2). The Act permits withholding payments to the contractor as considered necessary by the contracting officer to pay laborers or mechanics employed by the contractor or subcontractor. 40 U.S.C. § 3142(c)(3).

Here, plaintiff appears to be bringing suit as both a subcontractor and laborer against defendants claiming that defendants violated the Davis-Bacon Act by failing to provide plaintiff an executed countersigned contract containing the requisite stipulations and refusing to pay the prevailing wages. Plaintiff alleges that defendants owe him $6,422.00 for past work and $10,884.41 in back wages, plus interest. (Doc. 1, ¶¶ 16-17). Plaintiff requests an award in the amount of $15,500,000.00 for expectancy, punitive, and special damages.[1] Plaintiff has attached six attachments, totaling 67 pages, to his complaint. These attachments include executed copies of the Agreement between OHFA and Partnership, agreements between Partnership and CFS, plaintiff's project bid, plaintiff's lien in the amount of $6,422.00 against property associated with the Project owned by Partnership, and an email from an unidentified individual to plaintiff regarding payments owed to plaintiff's employees. (Doc. 3, pp. 6-73, Exhibits A-F). Though plaintiff refers to a contract with Partnership and CFS, no copy of this contract is provided. *See Id.* at ¶ 15.

The Court notes as an initial matter that plaintiff has previously filed a similar lawsuit seeking $100 million in damages pursuant to a contract to do framing work from which his company was terminated. *See Robinson v. Ohio, Dept. of Development*, 69 F. App'x 204 (6th Cir. 2003). In that case, the Sixth Circuit affirmed the District Court's dismissal based on lack of subject matter jurisdiction as plaintiff's complaint "did not allege that the contract at issue was a federal construction project covered by the Davis-Bacon Act, and there was nothing in the record to indicate that it was." *Id.* Here, plaintiff has met this initial hurdle as his complaint alleges enough facts from which the Court can at least infer that the Valley of the Villas construction

---

[1] It remains unclear from plaintiff's complaint how the defendants' alleged failure to provide a countersigned copy of a contract caused plaintiff financial losses entitling him to over fifteen million dollars worth of damages.

project and associated contracts were covered by the Davis-Bacon Act.[2] *See* Doc. 3, ¶¶ 7, 9, 13, 15, 17. Nevertheless, plaintiff's complaint should be dismissed as the undersigned concludes that plaintiff has no private right of action under the Davis-Bacon Act.

In *Universities Research Ass'n, Inc. v. Coutu*, 450 U.S. 754 (1981), the Supreme Court addressed whether the Davis-Bacon Act confers a private right of action on individuals. The case involved a construction contract that was administratively determined not to call for Davis-Bacon work and the Supreme Court held that no private right of action exists in such cases. *Coutu*, 450 U.S. at 768. However, the *Coutu* Court specifically declined to "decide whether the Act creates an implied private right of action" where the contract in question contains Davis-Act stipulations. *Id.* at 769.

In the instant case, plaintiff does not allege there was an administrative determination that the contracts at issue called for Davis-Bacon work; accordingly, the Supreme Court's holding in *Coutu* does not squarely apply. Nevertheless, the majority of the courts that have addressed the issue have concluded that no private right of action exists under the Davis-Bacon Act where the contract at issue falls within the statute's purview. *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 85-86 (2d Cir. 2003); *Operating Eng'rs Health & Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 676 (9th Cir. 1998); *Bane v. Radio Corp. of America*, 811 F.2d 1504, 1987 WL 35851, at *1 (4th Cir. Feb. 2, 1987); *Weber v. Heat Control Co.*, 728 F.2d 599, 600 (3d Cir. 1984); *U.S. for Benefit and on Behalf of Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309 (5th Cir. 1980); *U.S. ex rel. Bradbury v. TLT Const. Corp.*, 138 F. Supp.2d 237, 240 (D. R.I. 2001) (citing

---

[2] It is not entirely apparent from plaintiff's allegations that the project involved construction "contracts in excess of $2,000 to which the U.S. or District of Columbia is a party." 40 U.S.C. § 3142(a) (the requirements of the Bacon-Davis Act only apply to these specific types of contract). However, the Court recognizes that plaintiff is proceeding pro se and his complaint is held to a less strict standard than pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Accordingly, the Court finds that plaintiff has alleged facts sufficient to plausibly assert that the Davis-Bacon Act applies to the contracts at issue.

cases); *Mosley v. Starr Elec. Co.*, 542 F. Supp. 1032 (E.D. Tenn. 1981). *But see McDaniel v. University of Chicago*, 548 F.2d 689, 695 (7th Cir. 1977) (holding there is an implied private right of action under Davis-Bacon Act). The undersigned is persuaded that the majority view – holding that the Davis-Bacon Act confers no private remedy on individuals such as plaintiff – is the correct view.

The rationale for the majority view was convincingly articulated by the court in *U.S. for Benefit and on Behalf of Glynn v. Capeletti Bros., Inc.*, 621 F.2d 1309 (5th Cir. 1980). In *Capeletti Bros.*, the Fifth Circuit considered the four factors[3] enunciated by the Supreme Court in *Cort v. Ash*, 422 U.S. 66 (1975), as relevant to determining whether an implied private right of action exists where a statute does not expressly provide one. *Capeletti Bros.*, 621 F.2d at 1312-17. First, the court examined the language of the Davis-Bacon Act and determined that it was intended to benefit laborers and mechanics by providing enforcement mechanisms for their wages, but that the duty to enforce the act was imposed on federal agencies and not individuals; thus, the first factor did not support a determination that there was an implied private right of action. *Id.* at 1313-14. Second, the court studied the legislative history to determine whether Congress intended to create a private right of action. *Id.* at 1314-17.[4] The Fifth Circuit concluded that because the Act provided explicit methods of enforcing its mandates, there was no legislative intent to create a private right of action:

> Congress intended these provisions to be the exclusive methods of enforcing the duties and obligations imposed by the [A]ct. It is an elemental canon of statutory

---

[3] These four factors are: (1) whether the statute was enacted for the especial benefit of the plaintiff; (2) whether the explicit or implicit legislative intent was to create a private right of action; (3) whether finding an implied private right of action is consistent with the legislative purpose; and (4) whether inferring a federal private right of action would infringe on an area traditionally relegated to state law and concerning state interests. *Cort*, 422 U.S. at 78.

[4] Subsequent to *Cort*, the Supreme Court determined that the second *Cort* factor, whether Congress, expressly or by implication, intended to create a private cause of action, is the most salient consideration. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16 (1979); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575 (1979).

-8-

> construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it. When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. This principle expression unius est exclusio alterius is directly applicable here. The Davis-Bacon Act expressly creates an elaborate scheme for enforcing compliance with [its obligations]. In view of these express procedures, it is highly improbable that Congress absentmindedly forgot to mention an intended private action.

*Id.* at 1315 (internal quotations and citations omitted). Next, the court determined that implying a private right of action would not be consistent with the underlying purpose of the Act. *Id.* at 1317. The court noted that the Act included an elaborate administrative scheme for enforcing compliance with wage requirements and held that "a private right of action is not 'necessary' to effectuate the purposes of the statutory scheme." *Id.* (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316-17 (1979) (noting import of whether private right of action is necessary to effectuate a statute's purpose in determining whether such right of action exists)). With regard to the final factor, the Fifth Circuit concluded that finding an implied private right of action would not infringe on areas relegated to state law as the Act regulated wage minimums for federal construction projects. *Id.* Upon examination of the four factors, the court concluded that "neither the language, the history, nor the structure of the [Davis-Bacon Act] supports the implication of a private right of action[.]" *Id.*

The undersigned agrees with the Fifth Circuit's assessment in *Capeletti Bros.* and finds that Congress has not evinced an intent to create a private right of action under the Davis-Bacon Act due to the explicit remedies and enforcement measures provided by the Act. *See also Mosley*, 542 F. Supp. at 1032 (acknowledging split among the circuit courts, but finding *Capeletti Bros.* reasoning "more thorough and sound" and concluding it was unlikely that "if squarely faced with this issue, the Supreme Court or the Court of Appeals for the Sixth Circuit

would reject [*Capeletti Bros.*] in favor of the [Seventh Circuit's] contrary viewpoint.").[5] Thus, this Court concludes that the Davis-Bacon Act does not confer a private right of action on plaintiff in this case.

Accordingly, because plaintiff has no private right of action under the Davis-Bacon Act, defendant Partnership and CFS's motion to dismiss plaintiff's Davis-Bacon Act claim should be granted.

### B. Breach of Duty Pursuant to 29 Code of Federal Regulation Subpart A 5.5(a)

Plaintiff's complaint contains what appears to be a second federal claim entitled "Breach of Duty Pursusant (sic) to 29 Code of Federal Regulation Subpart A 5.5(a)." From what the Court can decipher, it appears that plaintiff is attempting to raise a claim under 29 C.F.R. 5.5(a), which regulates the provisions that must be included in contracts covered by the Davis-Bacon Act. As stated above, plaintiff does not have a private right of action under the Davis-Bacon Act and, consequently, he does not have a private right of action under 29 C.F.R. 5.5. For the reasons stated above, plaintiff's federal claim under 29 C.F.R. 5.5 should be dismissed.

### C. Plaintiff's Ancillary State Law Claims

Plaintiff has raised further state law claims against defendants. Specifically, plaintiff has raised the tort claims of business interference and negligence, and claims that defendants have violated Ohio statutes. In light of this Court's recommendation that plaintiff's federal claims be dismissed, this Court is without subject matter jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331, 1332 (the federal courts' jurisdiction is limited to matters involving federal questions and where there is diversity of citizenship among the parties). Here, plaintiff has no right to raise the federal claims asserted in his complaint. Further, the parties are

---

[5] While the Sixth Circuit has not addressed this issue specifically, other district courts in this Circuit have followed the *Mosley* holding. *See Stewart v. Classickle, Inc.*, No. 03:07cv25-H, 2007 WL 2229870, at *3 (W.D. Ky. Aug. 2, 2007); *White v. MPW Indus. Servs., Inc.*, No. 1:05cv162, 2006 WL 543829, at *1 (E.D. Tenn. Mar. 6, 2006).

all citizens of Ohio, *see* Doc. 3, p. 1; thus, there is no diversity of citizenship. As the Court lacks subject matter jurisdiction over plaintiff's remaining state law claims, plaintiff's complaint should be dismissed in its entirety; plaintiff's state law claims should be dismissed without prejudice so that he may properly re-file them in state court.

D. <u>Plaintiff's Remaining Federal and State Law Claims Should Be Dismissed</u>.

The instant motion was brought by two of the four named defendants, Partnership and CFS. However, plaintiff's complaint raises similar claims under the Davis-Bacon Act against defendants Ohio Housing Finance Agency ("OHFA") and Villas of the Valley Construction, LLC ("Villas"). For the reasons stated above, plaintiff has no private right of action under the Davis-Bacon Act. Plaintiff's federal claims against OHFA and Villas are based solely on his attempt to raise a private action under the Davis-Bacon Act. Plaintiff has no such right and, consequently, he has raised no federal claims over which this Court has jurisdiction. The Court likewise lacks diversity jurisdiction over plaintiff's state law claims against OHFA and Villas. *See* Doc. 3, p. 1. Accordingly, should the District Court adopt the undersigned's recommendation that plaintiff's claims be dismissed against Partnership and CFS, the claims against OHFA and Villas should likewise be *sua sponte* dismissed; plaintiff's state law claims should be dismissed without prejudice so that he may properly re-file them in state court.

Defendant Villas has raised a state law counterclaim for breach of contract. (Doc. 11, pp. 11-12). The undersigned recommends that the state law counterclaim be dismissed for lack of jurisdiction in light of the above findings. As with plaintiff's state law claims, defendant Villas' state law breach of contract counterclaim should be dismissed without prejudice for proper re-filing in state court.

## IV. CONCLUSION

For the above reasons, the Court hereby **RECOMMENDS** the following:

(1) Defendants Partnership and CFS's motion to dismiss (Doc. 8) should be **GRANTED**;

(2) Plaintiff's federal claims against all defendants should be **DISMISSED** for failure to state a claim entitling him to relief;

(3) Plaintiff's state law claims should be **DISMISSED** without prejudice for lack of jurisdiction;

(4) Defendant Villas of the Valley Construction, LLC's state law counterclaim should be **DISMISSED** without prejudice for lack of jurisdiction; and

(5) This matter should be **DISMISSED** on the docket of the Court.

Date: 12/15/11

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUINCY M. ROBINSON d/b/a MAJESTIC
CONSTRUCTION COMPANY
    Plaintiff,

vs.

OHIO HOUSING FINANCE
AGENCY, *et al.*
    Defendants.

Case No. 1:11-cv-352

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature ✓<br>X ☑ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Quincy M Robinson<br>4119 St. James Ave.<br>Cinti, OH 45236 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7010 3090 0000 8524 9882 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540